[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
This is an action for dissolution of marriage and other relief brought to the judicial district of Waterbury. Many of the facts that give rise to this action are not in dispute. The plaintiff whose maiden name is Andrea E. Yeager and the defendant were married in Cheshire, Connecticut on December 29, 1995. The plaintiff has resided continuously in the State of Connecticut for at least twelve months immediately prior to the date the complaint was filed. The marriage between the parties has broken down irretrievably without any reasonable prospects of reconciliation. There are two minor children issue of this marriage, Shelby Elizabeth Lammlin born April 10, 1996 and Madison Theresa Lammlin born May 14, 1997. The court finds by clear and convincing evidence that the plaintiff has three other minor children who were born after the date of marriage of the parties and that the defendant is not the father of those children namely Serena Marie Lucarelli born February 2, 2000, and Brianna Lucarelli born February 26, 2001 and Joseph Robert Lucarelli born April 16, 2002. Neither the plaintiff nor the defendant have received any form of state assistance or state aid.
From the evidence presented, the court finds that the plaintiff is the sole cause of the breakdown of the marriage.
The plaintiff was born on April 15, 1977. The plaintiff graduated High School in 1995. During the period of time the defendant was assigned to Louisiana, the plaintiff was employed as a waitress. The plaintiff returned to Connecticut in November, 1997 to reside with the defendant's parents until on or about December 27, 1997. She then moved back in with her parents. She remained with her parents for approximately 6 months.
The plaintiff is presently employed working full-time as a waitress with gross weekly income of wages of $168 weekly, plus $475 weekly in tips for a total of $643 and net weekly income of $542. She has total weekly expenses of $846.25. She has liabilities consisting of Capitol One with a balance of $1,500, Spring Cellphone with a balance of $1,000, CT Page 14416 Filene's with a balance of $250, and attorney's fees through July 31, 2002, with a balance of $2,675. She has furniture and clothing with a nominal value.
The cost to the plaintiff for health insurance for herself and all of her 5 children is $51 weekly. That cost is the same for 2 children as it is for 5 children.
The defendant was born on May 31, 1976. The defendant is a high school graduate. The defendant enlisted in the United States Army in the end of November, 1995. He was assigned for basic training in Oklahoma. He was then assigned to Louisiana. In September, 1997, the defendant was sent to Bosnia. The defendant remained in Bosnia from September, 1997 to June, 1998.
The defendant is employed as a machinist with gross weekly income of $500 and net weekly income of $427. The defendant has gross weekly expenses of $350.74. He has a liability to his parents in the amount of $2,700 and a balance due for attorney's fees in the amount of $1,500. He owns a 1997 Chevrolet with a value of $4,800 and a loan balance of $2,000 and an equity of $2,800. He has a Fleet Bank checking account with a balance of $200.
A major dispute between the parties has to do with the issue of visitation. The defendant has not visited with the children for approximately three and a half to four years. The plaintiff does not want him to have any visitation. This court has had the benefit of a thorough evaluation completed by Family Relations on August 2, 2002. This court incorporates by reference into this decision the Family Relations Report regarding the categories of Court and Marital Status; Background Information; Current Situation; and Issues and Concerns.
This court has considered the provisions of § 46b-82 regarding the issue of alimony, and has considered the provisions of § 46b-81 (c) regarding the issues of property division, and has considered the provisions of § 46b-56 and § 46b-5, 6(a) regarding the issue of custody and visitation, and has considered the provisions of § 46b-84
and the Child Support Guidelines regarding the issues of support, and has considered the provisions of § 46b-62 regarding the issue of attorney's fees. The court enters the following orders:
 ORDERS
A. By Way of Dissolution CT Page 14417
1. The marriage between the parties is dissolved and each party is declared to be single and unmarried.
B. By Way of Support
1. The court orders that the defendant pay to the plaintiff support in the amount of $139 per week which is in accordance with the support guidelines. The plaintiff is to provide health insurance for the minor children. The unreimbursed medical is to be divided as follows: the defendant is to pay 29.72% after the plaintiff has first paid $100 annually for un-reimbursed medical and the plaintiff is to pay 70.20% of un-reimbursed medical.
2. The defendant has the right to claim the minor child Madison Lammlin as a deduction for federal and state income tax purposes for each year in which he is current in the support payments as of December 31.
3. The qualifying day care cost is to be divided with the defendant paying 29.72% and the plaintiff paying 70.28%.
C. By Way of Alimony
1. No alimony is awarded in favor of either party.
D. By Way of Property Orders
1. The plaintiff is to pay all of the liabilities shown on her financial affidavit dated August 8, 2002, and hold the defendant harmless.
2. The defendant is to pay all of the liabilities shown on his financial affidavit dated August 6, 2002, and hold the plaintiff harmless.
3. The 1997 Chevrolet Pickup shown on the defendant's financial affidavit is awarded to the defendant.
4. All furniture and furnishings in the possession of the plaintiff are awarded to the plaintiff.
5. All furniture and furnishings in the possession of the defendant are awarded to the defendant.
6. The Fleet Bank checking account shown on the defendant's financial affidavit is awarded to the defendant. CT Page 14418
E. By Way of Attorney's Fees
1. No attorney's fees are awarded in favor of either party.
F. By Way of Custody and Visitation
1. Sole custody of the two minor children that are issue of this marriage is awarded to the plaintiff.
2. The defendant is to have reintroduction with the two minor children in a therapeutic setting. Prior to this introduction, the defendant is to meet with the clinician to explore some of the difficulties he may encounter in reestablishing contact with the children and to explore his commitment to the process. The clinician working with the families should have a contract with both parents, as to the amount of sessions in a therapeutic setting that would be necessary to accomplish their set goals with father and children. This may have to be reevaluated as father and children move through this process. If in the event the clinical supervised visitation is successful, the clinician and the Family Relations Officer shall offer a recommendation to the court as to what the time frame of an unsupervised visit should be. This would be contingent on the children's adjustment to the introduction. The court retains jurisdiction over any disputes that may arise regarding the reintroduction, included by not limited to, the number and frequency of therapeutic visits. The therapeutic visits are to take place at Southern Connecticut, if available. If not available, then the therapeutic visits are to take place at Thomaston Counseling. The plaintiff and the defendant are to share equally in the cost for the therapeutic visits. In the event either party receives any medical reimbursement, the party receiving the reimbursement is to forward to the other party one-half of such reimbursement.
G. Miscellaneous Orders
1. Counsel for the plaintiff is to prepare the judgment file within thirty days and send it to counsel for the defendant for signature and filing. CT Page 14419
2. The parties are to exchange copies of their federal and state income tax returns by registered mail return receipt or certified mail return receipt within fifteen (15) days after such returns have been filed, for so long as there is an outstanding support order or any arrearage thereto. ___________________, JTR AXELROD CT Page 14420